**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CAPRICE STEPHENSON<br><br>        Plaintiff,<br><br>   -against-<br><br>Benson Consulting & Benson<br><br>Medical,<br><br>Maimonides Medical Center<br><br><br>        Defendant. | CIVIL ACTION # |

Named Plaintiff, CAPRICE STEPHENSON on behalf of Prose, allege as follows:

## <u>NATURE OF THIS LAW SUIT</u>

1. This action is brought pursuant to Title VII of the federal law and the parallel protections of the New York State Human Rights Law and the New York City Human Rights Law by mandating the COVID-19 vaccination of health care professionals with no exemption for sincere religious beliefs that compel the refusal of such vaccination.

2. The defendants have willfully disobeyed a court order issued on 09/20/2021 issued by the Honorable David Hurd of Northern District Court restraining all health care employers in the state of New York from mandating COVID-19 vaccination without considering religious exceptions.

3. The order reads as follows, "Because of the likelihood of irreparable harm to plaintiffs and in light of the fact that the practical effect of the TRO will not begin to restrain the enforcement of the disputed regulation until September 27, 2021, the Court finds that good cause exists to extend the TRO a further fourteen days to October 12, 2021" see exhibit A

4. This plaintiff has been harmed irreparably as the defendants have without regard to court order denied me the opportunity to work effective today Monday 09/27/2021.

5. Plaintiff cannot consent to be inoculated, "continuously" or otherwise, with vaccines that were tested, developed or produced with fetal cells line derived from procured abortions, and now his employment has been terminated.

6. As pleaded more particularly below, the Vaccine Mandate purports to override federal protections under Title VII, commanding employers to deny religious accommodation of sincere religious objections to vaccination—a blatant violation of the Supremacy Clause as well as the Free Exercise Clause. The Vaccine Mandate even nullifies parallel state law protections under the New York Human Rights Law and the New York City Human Rights Law.

## JURISDICTION AND VENUE

7. This action arises under the First and Fourteenth Amendments to the United States Constitution and is brought pursuant to 42 U.S.C. § 1983. This action also arises under federal statutory laws, namely 42 U.S.C. § 1985(3) and 42 U.S.C. § 2000e-2

8. This Court has jurisdiction over the instant matter pursuant to 28 U.S.C. §§ 1331 and 1343 venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because two of the defendants reside in this District and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

## THE PARTIES

### PLAINTIFF

1. Caprice Stephenson (plaintiff) herein is a Nurse Practitioner at Benson Consulting and Benson Medical Affiliated with the Maimonides Medical Center.

### DEFENDANTS

2. Defendant Benson Consulting and Benson Medical is a medical corporation in New York City whose address is 8210 18th Avenue Brooklyn, NY 11214

3. Defendant Maimonides Medical Center is a hospital corporation in New York City whose address is 4802 10th Avenue Brooklyn, NY 11219.

## FACTUAL ALLEGATIONS

1. The defendants have willfully disobeyed a court order issued on 09/20/2021 issued by the Honorable David Hurd of Northern District Court restraining all health care employers in the state of New York from mandating COVID-19 vaccination without considering religious exceptions.

2. Caprice Stephenson (plaintiff) herein is a Nurse Practitioner at Benson Consulting and Benson Medical Affiliated with the Maimonides Medical Center whose sincere religious beliefs compels to refuse vaccination with the available COVID-19 vaccines.

3. Plaintiff is a Nurse Practitioner, licensed in the State of New York, who works at the Benson Consulting and Benson Medical in Brooklyn, NY. She has three children and a husband, and her job was a vital source of income and other benefits for her family.

4. The plantif's attempted to obtain a religious exemption from her hospital, based on the religious beliefs but it was denied on account of the Vaccine Mandate. Management has advised me that I am not to come to work today September 27, 2021.

5. Termination of my employment is devastating to me and my family.

6. Termination has also caused emotional distress

7. I am now unemployable anywhere in the State of New York as no other hospital would hire her under the Vaccine Mandate.

**COUNT I**

1. The defendants have willfully disobeyed a court order issued on 09/20/2021 issued by the Honorable David Hurd of Northern District Court restraining all health care employers in the state of New York from mandating COVID-19 vaccination without considering religious exceptions.

2. The defendants have denied my request for a religious exemption based on the religious beliefs.

3. My job has been terminated effective today Monday 09/27/2021

**COUNT 11**

**VIOLATION OF THE FREE EXERCISE CLAUSE
OF THE FIRSTAMENDMENT TO THE UNITED STATES
CONSTITUTION. (42 U.S.C. § 1983)**

1. Plaintiff hereby reallege and adopt each and every allegation in paragraphs 1-7 above as if fully set forth herein.

2. The Free Exercise Clause of the First Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment, prohibits the State from abridging Plaintiffs'rights to free exercise of religion.

3. Plaintiff has sincerely held religious beliefs that compel her to refuse vaccination with abortion-connected vaccines.

4. The Vaccine Mandate, on its face and as applied, targets Plaintiffs' sincerely held religious beliefs by requiring the revocation of revoking religious exemptions

**PRAYERS AND RELIEF**

WHEREFORE, Plaintiff, on his behalf of seeks a judgment against Defendants as follows:

a) Reinstatement of my employment immediately

b) Back pay for the time I am out of work and despite the TRO in place.

c) Front pay, where reinstatement denied

d) Compensatory damages calculated for pain and suffering due to the act of discrimination.

**e)** Punitive damages deliberately and knowingly discriminate against my religious beliefs despite a TRO order.

**f)** Pre-judgment and post-judgment interest;

**g)** Reasonable attorneys' fees and costs incurred in filing and prosecuting this lawsuit; and

h)  Such other relief as the Court deems appropriate

09/27/2021

**CAPRICE STEPHENSON**
**199 E 38TH ST BROOKLYN NY 11203**
**917-622-0078**
**CMSTEPHE7@GMAIL.COM**