UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAPRICE STEPHENSON,

                        Plaintiff,

        -against-

BENSON CONSULTING & BENSON
MEDICAL; MAIMONIDES MEDICAL
CENTER,

                        Defendants.

1:21-CV-8003 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Caprice Stephenson, who resides in Brooklyn, New York, filed this *pro se* action

under 42 U.S.C. §§ 1983 and 1985(3) ("Section 1983" and "Section 1985(3)"), as well as Title

VII of the Civil Rights Act of 1964 ("Title VII") and the New York State and City Human Rights

Laws. She sues her employer, Benson Consulting & Benson Medical ("Benson"), as well as

Maimonides Medical Center ("Maimonides"), both of which are located in Brooklyn.[1]

Plaintiff's claims arise from the September 27, 2021, termination of Plaintiff's

employment as a nurse practitioner at Benson because of Benson's and Maimonides's

enforcement of a New York State regulation requiring health-care workers to receive a COVID-

19 vaccine. Plaintiff refuses to receive a COVID-19 vaccine because of a religious objection, and

she asserts that she should be granted a religious exemption from the regulation's mandate. She

also asserts that the defendants are in violation of a temporary restraining order issued by the

United States District Court for the Northern District of New York on September 14, 2021, in

---

[1] Plaintiff alleges that Benson is affiliated with Maimonides.

which that court enjoined state officials from enforcing the vaccine-mandate regulation until

October 12, 2021. *See Dr. A. v. Hochul*, No. 1:21-CV-1009 (N.D.N.Y. Sept. 20, 2021).

Plaintiff has paid the fees to bring this action and summonses have been issued. For the

following reasons, the Court directs Plaintiff to show cause within 21 days of the date of this

order why the Court should not transfer this action to the United States District Court for the

Eastern District of New York.

## DISCUSSION

Under the applicable venue provision, claims under Section 1983 and Section 1985(3)

may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents
> of the State in which the district is located; (2) a judicial district in which a
> substantial part of the events or omissions giving rise to the claim occurred . . . ,
> or (3) if there is no district in which an action may otherwise be brought as
> provided in this section, any judicial district in which any defendant is subject to
> the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where

the person is domiciled, and any other entity with the capacity to sue and be sued, if a defendant,

resides "in any judicial district in which such defendant is subject to the court's personal

jurisdiction with respect to the civil action in question." § 1391(c)(1), (2).

Under the applicable venue provision for claims under Title VII:

> [s]uch an action may be brought in any judicial district in the State in which the
> unlawful employment practice is alleged to have been committed, in the judicial
> district in which the employment records relevant to such practice are maintained
> and administered, or in the judicial district in which the aggrieved person would
> have worked but for the alleged unlawful employment practice, but if the
> respondent is not found within any such district, such an action may be brought
> within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).

Plaintiff alleges that both of the defendants – a private "medical corporation" (Benson) and a private hospital (Maimonides) – are located in Brooklyn. (ECF 1, at 3.) Brooklyn is located in Kings County, which is within the Eastern District of New York. *See* 28 U.S.C. § 112(c). Thus, under Section 1391(b)(1), the United States District Court for the Eastern District of New York is a proper venue for Plaintiff's claims under Section 1983 and Section 1985(3). Because Plaintiff does not allege any facts showing that either defendant resides in this judicial district,[2] this court is not, under Section 1391(b)(1), a proper venue for those claims. Moreover, the alleged events giving rise to Plaintiff's claims – Benson's refusal to grant Plaintiff a religious exemption from the vaccine mandate and the termination of Plaintiff's employment – appear to have occurred in Brooklyn; Plaintiff does not allege any facts showing that a substantial part of the events or omissions giving rise to her claims occurred within this judicial district. Thus, additionally, under Section 1391(b)(2), the Eastern District of New York is a proper venue for Plaintiff's claims under Section 1983 and Section 1985(3), and this court does not appear to be a proper venue.

As to Plaintiff's claims under Title VII, Plaintiff seems to allege that the unlawful employment practice – Benson's refusal to grant Plaintiff a religious exemption from the vaccine mandate and the termination of Plaintiff's employment – occurred in Brooklyn. Because claims under Title VII can be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, all federal district courts within the State of New York – including the Eastern District of New York and this court – are proper venues for Plaintiff's claims under Title VII. *See* § 2000e-5(f)(3).

_____

[2] This judicial district – the Southern District of New York – is comprised of the following New York State counties: (1) New York (Borough of Manhattan), (2) Bronx, (3) Westchester, (4) Dutchess, (5) Rockland, (6) Orange, (7) Putnam, and (8) Sullivan. 28 U.S.C. § 112(b).

Even if venue is proper here, however, the Court may transfer claims, "[f]or the convenience of the parties and witnesses, in the interest of justice, . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established."); *see also Lead Indus. Ass'n. Inc. v. OSHA*, 610 F.2d 70, 79 n.17 (2d Cir. 1979) (noting that "[t]he broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer Sua sponte").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Transfer of this action to the Eastern District of New York under Section 1404(a) would appear to be appropriate because: (1) a substantial part of the underlying events occurred in Brooklyn; (2) all of the parties are located there; and (3) it is likely that relevant documents and witnesses are located there. Accordingly, the Court directs Plaintiff to show cause within 21 days of the date of this order why the Court should not transfer this action, under Section 1404(a), to the United States District Court for the Eastern District of New York.

## CONCLUSION

The Court directs Plaintiff to show cause within 21 days of the date of this order why the Court should not transfer this action, under 28 U.S.C. § 1404(a), to the United States District Court for the Eastern District of New York. A declaration form is attached to this order for Plaintiff's convenience. Plaintiff may use that form to comply with this order.

If Plaintiff fails to comply with this order within the time allowed, or fails to show cause, the Court will transfer this action, under Section 1404(a), to the United States District Court for the Eastern District of New York.

The Court notes that the Clerk of Court has issued summonses in this action. Defendants need not respond to the complaint until Plaintiff has complied with this order.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Plaintiff has consented to electronic service of court documents. (ECF 2.).

SO ORDERED.

Dated:    September 30, 2021
          New York, New York

                                        /s/ Laura Taylor Swain
                                    _____
                                        LAURA TAYLOR SWAIN
                                    Chief United States District Judge